UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES LOGAN DIEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00295 |
| | § | |
| MR. SCHNEIDER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff James Logan Diez alleges he was deprived of his right to vote in the 2024 election when prison staff refused to provide him with the absentee ballot mailed to him by election officials. Pending before the Court is Defendants Alan Schneider and Bobby Lumpkin's motion to dismiss (D.E. 28). On September 24, 2025, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R), recommending that the Court grant Defendants' motion to dismiss and dismiss all of Plaintiff's claims. D.E. 47.

Both parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Plaintiff timely filed his objections, along with a supplement, on October 9 and 10, 2025.[1] D.E. 50, 51.

---

[1] Plaintiff's objections were due by October 8, 2025. The prison mailbox rule—under which a pro se petitioner's notice of appeal is "deemed 'filed' at the moment it is delivered to prison authorities for forwarding to the district court"—also applies to objections to an M&R. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006); *see Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (applying the prison mailbox rule to filing objections to an M&R). The envelopes containing Plaintiff's objections and supplement were postmarked on October 7 and 8, so the Court considers both timely filed.

Defendants did not file any objections. After review, the Court **OVERRULES** Plaintiff's objections (D.E. 50, 51) and **ADOPTS** the M&R in its entirety (D.E. 47). Accordingly, the Court **GRANTS** Defendants' motion to dismiss (D.E. 28) and **DISMISSES** Plaintiff's claims.

### STANDARD OF REVIEW

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.*; *see Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("[P]arties filing objections must specifically identify those findings objected to."); *Edmonds v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review not invoked when petitioner merely re-urges arguments contained in original petition).

After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. Fed. R. Civ. P. 72(b). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

**DISCUSSION**

Plaintiff asserts five objections to the M&R.[2] *See* D.E. 51. The Court addresses each objection below.

### 1. Finality of Plaintiff's Criminal Conviction

The Magistrate Judge concluded that "[i]n the absence of any pending appeal from [Plaintiff's] 2022 felony Burnet County convictions, . . . Plaintiff is 'finally convicted' and, therefore, not eligible to be a 'qualified voter' in Texas." D.E. 47, p. 17. Because Plaintiff is not an eligible voter, the case is moot and injunctive relief is unavailable. *Id.* at pp. 12-18. Plaintiff objects that he is not finally convicted and provides proof that he filed a writ of certiorari with the Supreme Court. D.E. 51, p. 1.

On January 12, 2026, the Supreme Court denied certiorari on Plaintiff's appeal. *See Diez v. Texas*, No. 25-5969, 2026 WL 79736 (U.S. Jan. 12, 2026). Therefore, Plaintiff no longer has an appeal pending, and his conviction is final. He is no longer a "qualified voter" so his case is moot regarding injunctive relief. Plaintiff's first objection is **OVERRULED**.

### 2. Damages under the Voting Rights Act (VRA)

The Magistrate Judge concluded that "while equitable relief fulfills the purpose of the VRA, a private individual like plaintiff is limited to damage actions under § 1983 in seeking to protect his right to vote." D.E. 47, p. 21. Plaintiff claims that he is entitled to money damages under the VRA, and objects to the Magistrate Judge's statement that

---

[2] Although Plaintiff states six numbered objections, two of them are similar and are combined. *See* D.E. 51, pp. 2-3. Additionally, the Court found no proper objection in Plaintiff's "supplement" and considers it as additional argument supporting the existing objections. *See* D.E. 50.

3 / 7

Plaintiff failed to cite "any authority holding Plaintiff is entitled to monetary relief under the VRA." *See* D.E. 51, p. 1. He claims that *Wiley v. Sinkler*, 179 U.S. 58, 65 (1900), supports his position. However, *Wiley* was decided 65 years before the passage of the VRA, so it is not applicable here. The objection regarding money damages under the VRA is **OVERRULED**.

### 3. Damages under § 1983

Title 42 U.S.C. § 1997e(e) provides that "No Federal civil action may be brought by a prisoner . . . , for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." Plaintiff contends that the PLRA does not foreclose his claim for money damages under § 1983 because he does not seek mental or emotional damages but rather redress for the deprivation of his right to vote. D.E. 51, pp. 2-3. He objects to the Magistrate Judge's conclusion that because Plaintiff "alleges no physical injury, he is barred from seeking compensatory, actual damages in this case." *Id.*; *see* D.E. 47, p. 22.

Plaintiff's argument seems to be that there is some form of compensatory damage that is recoverable in this case, one that is not emotional, mental, physical, or economic. *See* D.E. 51, pp. 2-3. He claims that "damages are presumed" from the deprivation of the right to vote, and points to cases that discuss "presumed damages," some in the context of the denial of the right to vote. *Id.* (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 311 n.14 (1986)). Because Plaintiff's claims are subject to dismissal for other reasons,

4 / 7

the Court will not address this argument. For that reason, this objection is **OVERRULED AS MOOT.**

### 4. Right to Vote, Generally

Plaintiff asserts that as a re-enfranchised felon,[3] he has a constitutional right to vote. D.E. 51, pp. 3-5. The Magistrate Judge concluded that Plaintiff "retained only a statutory right to vote upon being re-enfranchised to vote" under the Texas Election Code, and did not state a claim for a federal constitutional violation under the First Amendment. D.E. 47, p. 31. Plaintiff objects, stating that the right to vote is "purely and strictly a U.S. CONSTITUTION Right, with the U.S. Congress the Apex Constitutional Authority over ALL Voting REGULATIONS/RULES pursuant to its constitutional authority 'to alter' the Regulations adopted by States . . . ." D.E. 51, p. 4 (emphasis removed); *see also* D.E. 50. He contends that the right to vote "NEVER STOPS BEING A CONSITUTIONAL RIGHT . . . ." *Id.* at p. 5.

The constitutional right to vote is not guaranteed for those convicted of felonies. *See Richardson v. Ramirez,* 418 U.S. 24, 54 (1974) ("[T]he exclusion of felons from the vote has an affirmative sanction in § 2 of the Fourteenth Amendment."). The Magistrate Judge correctly concluded that when felons are re-enfranchised, their resulting "right to vote" is no longer conferred by the Constitution, but by operation of state statute. D.E. 47, pp. 28-31. The State of Texas has chosen to re-enfranchise, by statute, felons who have fully

---

[3] Because Plaintiff has now been finally convicted of a felony and his sentence has not been discharged, he is no longer qualified to vote. *See* Tex. Const. art. VI, § 1(a)(3); Tex. Elec. Code § 11.002.

discharged their sentences. *See* Tex. Elec. Code. § 11.002(a)(4). This objection is **OVERRULED**.

### 5. Qualified Immunity

Plaintiff contends that Defendants are not entitled to immunity. D.E. 51, p. 5, citing *Fusilier v. Landry*, 963 F.3d 447, 455 (5th Cir. 2020) ("[t]he VRA, which Congress passed pursuant to its Fifteenth Amendment enforcement power, validly abrogated state sovereign immunity.") (quoting *OCA-Greater Hous. v. Texas*, 867 F.3d 604, 614 (5th Cir. 2017)). The Magistrate Judge concluded that Defendants were entitled to qualified immunity as to the "right to vote" and the "right to receive mail" claims. D.E. 47, pp. 31, 36.

Plaintiff's objection fails because Plaintiff's claims under the VRA were dismissed because money damages are unavailable and the case is moot; they were not dismissed on the basis of immunity. The Magistrate Judge's conclusions regarding qualified immunity applied only to the § 1983 claims. D.E. 47, pp. 23-38. This objection is **OVERRULED**.

### CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own findings and conclusions of the Magistrate Judge (D.E. 47).

6 / 7

Accordingly, the Court **GRANTS** Defendants' motion to dismiss (D.E. 28), and Plaintiff's claims are hereby **DISMISSED** as follows:

- Plaintiff's claims for money damages under § 1983 against Defendants and the unknown DRC members in their official capacities are **DISMISSED without prejudice**;

- Plaintiff's claims seeking injunctive relief against Defendants and the unknown DRC members are **DISMISSED without prejudice** for lack of subject matter jurisdiction on mootness grounds;

- Plaintiff's claims for money damages under the VRA against Defendants and the unknown DRC members are **DISMISSED with prejudice**;

- Plaintiff's claims for compensatory damages for his § 1983 First Amendment claims against Defendants and the unknown DRC members are **DISMISSED with prejudice**; and

- Plaintiff's First Amendment right-to-vote and right-to-receive mail claims against Defendants and the unknown DRC members in their individual capacities are **DISMISSED with prejudice** as they are entitled to qualified immunity.

This action is **DISMISSED** in its entirety.

**ORDERED** on March 27, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE