**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| JAMES LOGAN DIEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00295 |
| | § | |
| MR. SCHNEIDER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTIONS FOR CERTIFICATE OF
APPEALABILITY AND TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Plaintiff James Logan Diez, a Texas inmate appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff paid the $405.00 filing fee in bringing this action.  For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's Motion for Certificate of Appealability ("COA") (D.E. 59) and Motion for Leave to Appeal *in forma pauperis* ("IFP") (D.E. 60) be **DENIED**.

Plaintiff is currently housed at the McConnell Unit in Beeville, Texas and was housed at the McConnell Unit during the period relevant to this action.  In this action, Plaintiff raised claims under the First Amendment and the Voting Rights Act ("VRA"), 52 U.S.C. § 10101, et seq. in connection with his inability to vote while a McConnell unit inmate.  (See D.E.'s 1, 2).

On January 16, 2025, the undersigned entered an Order and Memorandum and Recommendation ("January 16 Order and M&R"), which first ordered Director Bobby

Lumpkin to be added as a defendant in this action. (D.E. 10, p. 7). The undersigned then recommended that the Court:

- retain Plaintiff's claims against Mailroom Supervisor Schneider concerning Plaintiff's right to receive mail and his right to vote brought under the First Amendment and the VRA;

- retain Plaintiff's claims against Director Lumpkin concerning his right to receive mail and his right to vote under the First Amendment and the VRA;

- retain Plaintiff's claims against the Unknown Director Review's Committee ("DRC") members concerning his right to receive mail and his right to vote under the First Amendment and the VRA; and

- dismiss Plaintiff's remaining claims for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

Id. at 11-20. District Judge Nelva Gonzales Ramos adopted the undersigned's recommendations set forth in the January 16 Order and M&R. (D.E. 41).

On April 8, 2025, Mailroom Supervisor Schneider and Director Lumpkin (referred to collectively as "Defendants") filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. 28). In adopting the undersigned's Memorandum and Recommendation issued on September 24, 2025 (D.E. 47), District Judge Ramos granted Defendants' Motion to Dismiss and dismissed Plaintiff's claims as follows:

- Plaintiff's claims for money damages under § 1983 against Defendants and the unknown DRC members in their official capacities were dismissed without prejudice;

- Plaintiff's claims seeking injunctive relief against Defendants and the unknown DRC members were dismissed without prejudice for lack of subject matter jurisdiction on mootness grounds;

2 / 6

- Plaintiff's claims for money damages under the VRA against Defendants and the unknown DRC members were dismissed with prejudice;

- Plaintiff's claims for compensatory damages for his § 1983 First Amendment claims against Defendants and the unknown DRC members were dismissed with prejudice; and

- Plaintiff's First Amendment right-to-vote and right-to-receive mail claims against Defendants and the unknown DRC members in their individual capacities were dismissed with prejudice as they were entitled to qualified immunity.

(D.E. 54, pp. 6-7).  Accordingly, Plaintiff's action was dismissed in its entirety (D.E. 54, p. 7), and the Court entered Final Judgment on March 30, 2026.  (D.E. 55).

On April 14, 2026, the Court received Plaintiff's Notice of Appeal (D.E. 58), his Motion for COA (D.E. 59), and his Motion for Leave to Appeal IFP (D.E. 60).  At the outset, a certificate of appealability is not required in a § 1983 action.  *See Stroble v. Texas Dep't of Crim. Justice*, No. 1-11-CV-108-BL, 2012 WL 12898543, at *2 (N.D. Tex. Oct. 11, 2012) (explaining that a COA is not required because the inmate's claims arose under § 1983).  Accordingly, Plaintiff's Motion for COA (D.E. 59) should be denied as unnecessary.

Next, prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g).  The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals IFP.  28 U.S.C. §

1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir.1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir.1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing or appellate fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff seeks leave to proceed IFP on appeal. (D.E. 60). Plaintiff, however, has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. *See Diez v. TDCJ-ID*, No. 9:96-cv-00367 (E.D. Tex. Apr. 28, 1997); *Diez v. Lanehart*, No. 5:99-cv-00191-C (N.D. Tex. Oct. 28, 1999); *Diez v. Ellsworth*, No. A-02-CA-00159-SS (W.D. Tex. Jan. 15, 2003); *see also Diez v. Crain*, No. 6:05-cv-00259-LED-JKG (E.D. Tex. Aug. 12, 2005) (dismissing Plaintiff's complaint as barred by § 1915(g) because he had accumulated three strikes). Therefore, Plaintiff is barred from proceeding IFP on appeal unless he can show he is in imminent danger of serious physical injury.

This Court must assess whether Plaintiff is exposed to imminent danger of serious physical injury at the time he filed his notice of appeal. *Prescott v. UTMB Galveston, Tex.*, 73 F.4th 315, 321 (5th Cir. 2023) ("'The determination as to whether a prisoner is in "imminent danger" [for purposes of § 1915(g)] must be made as of the time that he seeks to file his … notice of appeal.'") (quoting *Choyce v. Dominguez,* 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam)). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003) (citation omitted). In addition, the harm must be imminent or occurring at the time the

4 / 6

notice of appeal is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *See Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir.2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Plaintiff's claims in this action all arise from past actions allegedly taken to impede his ability to vote. None of his claims suggest that he suffered a serious physical injury. Plaintiff otherwise fails to show that, in connection with his claims, he currently is exposed to an imminent threat of serious physical injury. Plaintiff has lost the privilege of proceeding IFP and has failed to allege that he is in imminent danger of serious physical harm at the time he filed his notice of appeal.

Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for COA (D.E. 59) and Motion for Leave to Appeal IFP (D.E. 60) be **DENIED**.

Respectfully submitted on April 20, 2026.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).